United States District Court
Southern District of Texas
**ENTERED**
June 01, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON WILLIS, <br> TDCJ #2245660, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-19-3917 |

## MEMORANDUM OPINION AND ORDER

Brandon Willis (TDCJ #2245660) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge three prison disciplinary convictions entered against him while incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Now pending is Respondent [Lorie] Davis's Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 15). Willis has not filed a reply and his time to do so has expired. After reviewing all of the pleadings, the administrative records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this case for the reasons explained below.

## I. **Background**

Willis is currently imprisoned in TDCJ as the result of two cases from Brazos County, Texas, in which he was convicted of burglary of a building and possession of a controlled substance.[1] Willis does not challenge any of his underlying convictions here. Instead, Willis seeks relief in the form of a federal writ of habeas corpus to challenge three prison disciplinary convictions that were entered against him on the same day at the Darrington Unit, where he is currently confined.[2]

According to administrative records provided by the respondent, Wilson was charged in three prison disciplinary cases (Nos. 20190273523, 20190274538, and 20190274550) with violating prison rules on three separate occasions by refusing to attend an academic program that he was enrolled in without a legitimate excuse.[3] After considering the offense reports and supporting documentation in the form of class turn-out rosters showing that Willis was enrolled, but failed to attend the academic programs as

---

[1] Petition, Docket Entry No. 1, p. 2; TDCJ Commitment Inquiry, Exhibit A to Respondent's MSJ, Docket Entry No. 15-1, p. 2 (listing convictions in Case Nos. 18-02890-CRF-85 and 18-01302-CRF-85). For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Petition, Docket Entry No. 2, pp. 1, 5 ¶ 17.

[3] TDCJ Offense Report, Docket Entry No. 16-2, p. 7; TDCJ Offense Report, Docket Entry No. 16-3, p. 7; TDCJ Offense Report, Docket Entry No. 16-4, p. 7.

alleged, the disciplinary hearing officer found Willis guilty in all three cases following a hearing on July 18, 2019.[4] Although Willis was represented by counsel substitute at the hearing, who asked for leniency on his behalf, records show that Willis "declined to attend."[5]

Because Willis was convicted of three separate offenses, the disciplinary hearing officer imposed punishment that was slightly more severe in each case. As a result of his conviction in Case No. 20190273523, Willis lost commissary, recreation, and telephone privileges for 30 days and was reduced in time-earning classification from L1 to L2.[6] In Case No. 20190274538 Willis lost commissary, recreation, and telephone privileges for 30 days and forfeited 15 days of previously earned good-time credit.[7] In Case No. 20190273550, Willis lost recreation privileges for 15 days, commissary and telephone privileges for 45 days, forfeited 30 days

---

[4]TDCJ Disciplinary Report and Hearing Record, State Court Records ("SCR") Attachment 2, Docket Entry No. 16-2, p. 3; TDCJ Disciplinary Report and Hearing Record, SCR Attachment 3, Docket Entry No. 16-3, p. 3; TDCJ Disciplinary Report and Hearing Record, SCR Attachment 4, Docket Entry No. 16-4, p. 3.

[5]TDCJ Disciplinary Report and Hearing Record, SCR Attachment 2, Docket Entry No. 16-2, pp. 3-4; TDCJ Disciplinary Report and Hearing Record, SCR Attachment 3, Docket Entry No. 16-3, pp. 3-4; TDCJ Disciplinary Report and Hearing Record, SCR Attachment 4, Docket Entry No. 16-4, pp. 3-4.

[6]TDCJ Disciplinary Report and Hearing Record, SCR Attachment 2, Docket Entry No. 16-2, p. 3.

[7]TDCJ Disciplinary Report and Hearing Record, SCR Attachment 3, Docket Entry No. 16-3, p. 3.

of good-time credit,[8] and was reduced further in time-earning classification from L2 to L3.[9]

Willis argues that he was denied due process in connection with these disciplinary convictions because he was "excluded" from the proceedings and not allowed to call a school counselor as a witness.[10] Although Willis provides no further details, the school counselor reportedly would have testified that Willis "should not have received any disciplinary cases."[11] The respondent moves for summary judgment, arguing that Willis's claims are without merit and that he is not entitled to federal habeas relief under the legal standard that applies to prison disciplinary proceedings.[12]

## II.  Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to

---

[8] TDCJ Disciplinary Report and Hearing Record, SCR Attachment 4, Docket Entry No. 16-4, p. 3.

[9] Id.

[10] Petition, Docket Entry No. 1, pp. 6-7.

[11] See id.

[12] Respondent's MSJ, Docket Entry No. 15, pp. 17-21. The respondent also argues that Willis did not sufficiently exhaust administrative remedies with respect to two of his cases (Nos. 20190273523 and 20190274538), reasoning further that his claims are procedurally barred where these convictions are concerned. See Respondent's MSJ, Docket Entry No. 15, pp. 13-17. Because Willis's claims are without merit for other reasons advanced by the respondent, the court does not address these arguments at this time.

the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); see also White v. Jenkins, 735 F. App'x 855, 856 (5th Cir. 2018) (per curiam) ("A [Texas] prisoner who is not eligible for release on mandatory supervision has no constitutional expectancy of early release and so has no protected liberty interest in his good time credits.") (citation omitted).

### A. Loss of Privileges and Reductions in Classification

To the extent that Willis lost recreation, commissary, and telephone privileges, this type of sanction does not pose an "atypical" or "significant" hardship that implicates a constitutionally protected liberty interest. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (observing that limitations imposed on commissary privileges and temporary cell

restrictions are "merely changes in the conditions of [an inmate's] confinement and do not implicate due process concerns"). In addition, reductions in a Texas prisoner's classification status and the potential impact on his ability to earn good-time credit are not protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Accordingly, Willis cannot demonstrate that his constitutional rights were violated in connection with these forms of punishment.

**B.   Loss of Previously Earned Good-Time Credit**

Two of the disciplinary convictions entered against Willis resulted in the loss of previously earned good-time credit in the amount of 15 days (No. 20190274538) and 30 days (No. 20190274550).[13] Because Willis is eligible for early release on mandatory supervision, prison officials were required to afford him with due process before taking any of his good-time credit. See Malchi, 211 F.3d at 959.

The Supreme Court has observed that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." Wolff, 94 S. Ct. at 2977. Because disciplinary proceedings are not criminal

---

[13]TDCJ Disciplinary Report and Hearing Record, SCR Attachment 3, Docket Entry No. 16-3, p. 3; TDCJ Disciplinary Report and Hearing Record, SCR Attachment 4, Docket Entry No. 16-4, p. 3.

prosecutions, "the full panoply of rights due a defendant in such proceedings does not apply." Id. at 2975. Therefore, the minimum amount of procedural due process is generally limited to: (1) advance written notice of the disciplinary charges at least 24 hours before a disciplinary hearing; (2) an opportunity to call witnesses and present documentary evidence (when the presentation is not unduly hazardous to institutional safety and correctional goals); and (3) a written statement by the factfinder of the evidence relied upon and the reason for the disciplinary action. See id. at 2978-80; see also Morgan v. Quarterman, 570 F.3d 663, 668 (5th Cir. 2009) (articulating the minimum requirements established in Wolff). In addition, due process requires at least "some evidence to support the findings made in the disciplinary hearing." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 105 S. Ct. 2768, 2775 (1985).

Willis does not dispute that he received adequate written notice of the charges for each of the disciplinary cases lodged against him. Likewise, Willis does not dispute that he was provided written statements that referenced the evidence relied upon by the disciplinary hearing officer and his reasons for the punishment imposed.[14] Because those written statements further reflect that the hearing officer based his decision on the charging

---

[14]TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 16-3, pp. 3-4; TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 16-4, pp. 3-4.

-7-

officer's offense report and supporting documentation showing that Willis was enrolled in but failed to attend an academic program as charged, the convictions were supported by sufficient evidence. See Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001) (holding that information provided in a written offense report, standing alone, can satisfy the "some evidence" standard to support a prison disciplinary conviction) (citing McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (information contained in a conduct report is alone "some evidence" of guilt)).

Although Willis alleges he was "excluded" from the disciplinary hearing and denied the right to call a school counselor as a witness, records show that he "declined to attend" the proceeding.[15] Records of the investigation also show that Willis "declined" to be interviewed by his appointed counsel substitute before the hearing and that he did not offer a statement on his own behalf or request any witnesses.[16]

Willis, who has not responded to the motion for summary judgment, does not demonstrate that he was denied an opportunity to be heard or to call witnesses at the disciplinary proceeding. He has not otherwise provided any details about what he would have

---

[15]TDCJ Disciplinary Report and Hearing Record, SCR Attachment 3, Docket Entry No. 16-3, pp. 3-4; TDCJ Disciplinary Report and Hearing Record, SCR Attachment 4, Docket Entry No. 16-4, pp. 3-4.

[16]TDCJ Service Investigation Work Sheet, SCR Attachment 3, Docket Entry No. 16-3, pp. 5-6; TDCJ Service Investigation Work Sheet, SCR Attachment 4, Docket Entry No. 16-4, pp. 5-6.

said at the hearing if he had elected to attend, and he has not provided any kind of statement from the school counselor who reportedly would have testified on his behalf. "Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witnesses's willingness to testify and the substance of the proposed testimony." Gregory v. Thaler, 601 F.3d 347, 353 (5th Cir. 2010) (citing Harrison v. Quarterman, 496 F.3d 419, 428 (5th Cir. 2007)). Absent an account of what Willis and his uncalled witness would have said and how it would have made a difference during the disciplinary proceeding, Willis's claim is conclusory and insufficient to establish that a constitutional violation occurred. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding") (citing Schlang v. Heard, 691 F.2d 796, 798 (5th Cir. 1982) (collecting cases)). Because Willis has not established a constitutional violation under these circumstances, the court will grant Respondent's MSJ and the Petition will be dismissed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Brandon Willis (Docket Entry No. 1) is **DENIED,** and this action will be dismissed with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 1st day of June, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE